(Hamilton County Probate Court, 1901.)
IN RE KUEHNKEN'S ESTATE.

---

A beneficiary in an estate has no power under the statute to receipt for her distributive share in advance of the distibution or of a finding of the amount coming to her, and a receipt so given by her remains subject to explanation, and an administrator has no power to negotiate for or accept such a receipt where the assets of the estate have passed out of his hands and he is therefore unable to settle wiht the beneficiary.

---

Application for the reopening of the account of Herman H. Kuehnken as administrator of the estate of his father, the late John H. Kuehnken.

The late John H. Kuehnken left an estate of $20,000 in government bonds and other securities in addition to real estate holdings. He left no debts. Some $8,000 of the bonds were used by the son as collateral for his personal debts, and subsequent to their hypothecation he obtained a receipt from his mother, the beneficiary, for these bonds, with the understanding that he was to pay her the interest on the bonds during her life, and at her death they were to become his own. His account was thereafter confirmed in the usual course of business, and one year and eight months subsequent to the confirmation the mother died. The present proceeding is to compel an accounting to her estate for the bonds. It was contended on behalf of the administrator that the confirmation of the account worked a full discharge for himself and his sureties from all further liability.

FERRIS, J.

The receipt which the administrator had taken from his mother, the beneficiary, was subject to explanation for the purpose of ascertaining whether or not the funds in the hands of the administrator had been paid over or the assets of the estate distributed in kind, as provided by the statute as a prerequisite to such discharge from further liability; and the explanation of the receipt went to show that no distribution was made. As a matter of law, therefore, the beneficiary was without power to receipt for her distributive share in advance of the distribution, or of any finding as to the amount coming to her; and, further, the administrator was without power to negotiate for or accept the receipt, for the reason that he was not in a position to settle with the beneficiary, the assets of the estate having pass-

ed out of his hands. The amount thus found to be due from the administrator under the account as recast will become the basis of an estate to be administered for the benefit oí the heirs at law of the mother.